☐ **ORIGINAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
OSCAR PERALTA,

        Petitioner,

     -against-

WILLIAM CONNELLY,

        Respondent.
------------------------------------X

06 Civ. 5360 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

## I. BACKGROUND

Pursuant to 28 U.S.C. § 2254, pro se Petitioner Oscar Peralta ("Petitioner") petitions this Court seeking habeas corpus relief from his May 13, 2002 conviction in New York State Supreme Court on one count of Manslaughter in the First Degree under N.Y. Penal Law § 125.20. The state court sentenced Petitioner to a determinate prison term of ten years, which he is currently serving. On April 18, 2008, U.S. Magistrate Judge Michael H. Dolinger submitted a Report and Recommendation ("the Report") to this Court, recommending that the writ be denied and the petition be dismissed. Magistrate Judge Dolinger also recommended a denial of the certificate of appeal. On April 25, 2008, Petitioner filed timely objections to the Report.

Petitioner's objections to Magistrate Judge Dolinger's Report are as follows: (1) his habeas corpus petition was

MICROFILMED

AUG 1 2 2010 —3 ᷒ PM

timely; (2) he should be granted leave to amend his original habeas corpus petition; (3) the evidence did not support Petitioner's conviction as an accessory for Manslaughter in the First Degree, since there was no community of purpose or shared intent with that of a co-defendant; and (4) Petitioner was denied the effective assistance of counsel because  of Petitioner's attorneys' (a) lack of preparation; (b) failure to litigate exculpatory evidence; (c) ignorance of the law; (d) failure to raise meritorious issues; (e) lack of defense; and (f) failure to provide trial transcripts to enable petitioner to litigate post-conviction relief.

As to objections (1) and (2) above, Judge Dolinger found that: (1) Petitioner's original habeas corpus petition was timely; however (2) Petitioner should not be granted leave to amend the original habeas corpus petition as his amendments were not timely, do not relate-back, and even if they did relate-back, any amendment would be futile.[1] As to objections (3) and (4)(a)-(f) above, Magistrate Judge Dolinger found that Petitioner's remaining

---

[1]    As part of the amendment of the original petition, Petitioner requests that the first two grounds in his original petition be withdrawn, i.e., (1) he was denied the right of his choice of counsel because of a substitution of appellate counsel; and (2) he was provided ineffective-assistance-of-counsel.

2

arguments are futile because they cannot succeed on the
merits.

For the reasons below, the Court fully adopts the
Judge Dolinger's Report, denies Petitioner Oscar Peralta's
writ, dismisses the petition, and denies the request for a
certificate of appeal.

## II. FACTS AND PROCEDURAL HISTORY

The facts and procedural history are set forth in
Judge Dolinger's Report and will not be reiterated here.
(See Report, Docket No. 12.)

## III. DISCUSSION

A. General Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten
days after being served with a copy, any party may serve
and file written objections to such proposed findings and
recommendations." The District Court is required under 28
U.S.C. § 5636(b)(1)(C) to make a "de novo determination of
those portions of the report or specified proposed findings
or recommendations to which objection is made." Moreover,
the court may accept any portion of a magistrate's report
and recommendation to which no objection has been made as

3

long as there is no clear error on the face of the record. Advance Coatina Tech Inc. v. LEP Chem Ltd., 142 F.R.D. 91, 94 (S.D.N.Y. 1992).

Where a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Id.; see also Brown v. Peter, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y. Sep. 19, 1997). Indeed, "objections that are merely perfunctory responses argued in an attempt to engage the district court in rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." Vega v. Artuz, 2002 U.S. Dist. LEXIS 18270, *3 (S.D.N.Y. Sept. 30, 2002). Such objections "are frivolous, general and conclusory" and would "reduce the magistrate's work to something akin to a meaningless dress rehearsal." Id. (internal citations and quotations marks omitted).

After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

4

**B. Petitioner's First Objection: Timeliness of Petition**

In his first objection, Petitioner contends that his original habeas petition was filed in a timely manner because it was filed on February 8, 2006, immediately after the denial of his second coram nobis petition by the Appellate Division. (Objection at 1.) In the Report, Magistrate Judge Dolinger found that "the [original] petition itself [was] timely." (Report at 22.) The Court adopts Judge Dolinger's recommendation; therefore Petitioner's first objection is moot.

**C. Petitioner's Second Objection: Leave to Amend Petition**

Although not entirely clear, Petitioner's second objection is that the Court should consider the proposed amendments to his original habeas petition. (Objection at 1-2.) Judge Dolinger considered this question in two parts: (1) whether the proposed amendment was independently timely and (2) if not, whether it relates back to the original, timely petition, making the amendment itself timely. As Petitioner's objection constitutes a general objection to Judge Dolinger's Report, the Court reviews the record and Judge Dolinger's recommendation for clear error.

## 1. Independent Timeliness of Amendment

Judge Dolinger found that the limitations period under the 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), expired on September 25, 2006. (Report at 23.)  Petitioner filed his motion to amend on March 13, 2007, well after the date the statute of limitations.  (Report at 23.)  Judge Dolinger found that the amendment was untimely, unless it relates-back to the time of the filing of the original, timely petition.  (Report at 23.)  After reviewing the record and finding no error in Judge Dolinger's analysis on independent timeliness, the Court adopts Judge Dolinger's recommendation.[2]

## 2. Relation-Back

Judge Dolinger considered at length whether the arguments in the proposed amended petition relate-back to the arguments in the timely filed, original habeas petition. (Report at 24-33.)  Judge Dolinger found that to determine whether Petitioner's proposed amendments relate-

---

[2]    Judge Dolinger also considered whether to apply equitable tolling.  However, Petitioner did not offer any reason why it would apply in his case and Judge Dolinger did not undertake this analysis.  (Report at 23, Footnote 19.)

back to the original petition, the Court must determine
whether under Fed. R. Civ. P. 15 "the original petition and
amended petitions state claims that are tied to a common
core of operative facts." See <u>Mayle v. Felix</u>, 545 U.S.
644, 648-50 (2005) (applying Rule 15 to habeas petitions).
Judge Dolinger noted that just because Petitioner "bases
all of these proposed new claims on an ineffective-
assistance-of-counsel theory [this fact] does not
necessarily permit the claims in his proposed amendment to
relate back" to the original petition's ineffective-
assistance-of-counsel argument. (Report at 28.)
Petitioner's proposed ineffective-assistance-of-counsel
claims can be characterized in two ways: (a) claims
relating to the actions of trial counsel; and (b) claims
relating to abandonment of appeal.


      a.   Claims Relating to Actions of Trial Counsel

Petitioner's proposed amendment includes the claim
that his appellate counsel failed to raise issues about his
trial counsel's performance. However, Judge Dolinger found
that there was "no reference whatsoever in the original

7

petition to the alleged omissions[3] found in the proposed
amendment...." (Report at 31.) Judge Dolinger concluded
that the "new allegations do not relate back to the
original petition and are untimely in the absence of
relation-back." (Report at 31.)  The Court agrees with
Judge Dolinger's analysis.

    b.  Claims Relating to Abandonment of Appeal

    Petitioner also seeks to incorporate into his petition
two remaining claims: (1) that his attorney abandoned him
by failing to prosecute his appeal; and (2) that appellate
counsel failed to send him court transcripts.

    Again, the first allegation by Petitioner is that his
attorney abandoned him by failing to prosecute his appeal.
Petitioner asserts this first claim in his original
petition and his proposed amendment, but with very
different rationales.  In his proposed amendment,
Petitioner asserts that a $10,000.00 payment to his counsel
should have included counsel filing his leave application
to the New York Court of Appeals, but his original petition

---

[3]    The alleged omissions by trial counsel that are
complained of in the proposed amendment include: a failure
to move for the dismissal of a grand jury charge; the
failure to present a defense; a failure to allow Petition
to testify at trial; and failing to object to an impeached
hearsay statement in a pretrial hearing.

claims his counsel abandoned him by permitting another attorney to pursue his appeal.  Judge Dolinger found relation-back does not apply here because the claims have to do with separate and distinct phases of the case. (Report at 32.); see Veal v. United States, 2007 WL 3146925, at *6 (S.D.N.Y. 2007) (holding that the general type of legal claim is not dispositive to determine relation back, instead it is whether the facts at issue were separated in time and type).  The Court agrees with Judge Dolinger's analysis.

    The second claim that Petitioner seeks to incorporate into his original petition is that appellate counsel abandoned him because counsel failed to send court transcripts.  Judge Dolinger forwent analysis of this claim on the basis of the relation-back doctrine, but nevertheless found that it is futile because it cannot succeed on the merits.  (Report at 33-35; 46-47.)  The Court agrees with Judge Dolinger's analysis.

    After reviewing the record and finding no error in Judge Dolinger's analysis on relation-back, the Court adopts Judge Dolinger's recommendation.


C. Petitioner's Third Objection: Sufficiency of the Evidence

Petitioner's third objection is that the evidence did not support his conviction as an accessory for Manslaughter in the First Degree for three reasons: (1) there was no community of purpose or shared intent with a co-defendant; (2) there was no testimony that Petitioner kicked the deceased in the chest and face, which in fact caused his death; and (3) the state trial judge commented that Petitioner never had any intent to kill.[4] (Objection at 2-3.)  Petitioner's third objection is specific; therefore the Court will undergo a de novo review of that portion of Judge Dolinger's Report.

As described above, Petitioner argues that the evidence that was used to convict him was insufficient as a matter of law.  "An appellant who challenges the sufficiency of the evidence bears a heavy burden." United States v. Diaz, 176 F.3d 52, 89 (2d Cir. 1999)(holding that the testimony of a single accomplice is sufficient for a jury to find guilt).  The test is whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson

---

[4]    As Judge Dolinger noted, Respondent concedes that this is a timely claim. (Report 47-48.)

v. Virginia, 443 U.S. 307 (1979).  The Court must draw all
inferences in favor of the government and resolve all
issues of witness credibility in the government's favor.
See United States v. Khan, 787 F.2d 28, 34 (2d Cir. 1986)
("The reviewing court must draw all favorable inferences
and resolve all issues of credibility in favor of the
prosecution.").  A defendant may be convicted on the
testimony of a single witness, including an accomplice
witness. United States v. Parker, 903 F.2d 91, 97 (2d Cir.
1990).  Such proof can be in the form of circumstantial
evidence.  See Jackson v. Virginia, 443 U.S. 307, 324-25
(1979)(holding that circumstantial evidence can be the
basis to reject a sufficiency-of-the-evidence claim); Dixon
v. Miller, 293 F.3d 74, 81 (2d Cir. 2002)(holding that in
analyzing a sufficiency of the evidence claim, courts must
uphold a jury verdict even if based entirely on
circumstantial evidence).

    As Judge Dolinger correctly noted in his Report, under
New York law, a person is guilty of first-degree
manslaughter when "with intent to cause serious physical
injury to another person, he causes the death of such
person."  N.Y. Penal Law § 125.20[1]; Vargas-Sarmiento v.
U.S. Dept. of Justice, 448 F.3d 159, 163 (2d Cir.

2006)(Section 125.20(1) requires proof of a specific intent
to cause serious physical injury or death).  Petitioner's
conviction for first-degree manslaughter ultimately rested
on a theory of accomplice liability, as there was no
suggestion that Petitioner inflicted the fatal blow that
killed the victim.  People v. Peralta, 1 A.D.3d 115, 116
(1st Dep't 2003)(evidence, including testimony that
Petitioner punched the victim in the jaw and kicked him
multiple times in the chest and face as he was lying
helpless on the ground after a codefendant had hit the
victim on the head with a beer bottle, established
defendant's intent to cause serious physical injury and
accessorial liability for the death of the victim).  For
the Petitioner to be convicted of manslaughter, he needed
to share his codefendant's intent to cause the victim
serious physical injury.  N.Y. Penal Law § 20.00; Hill v.
Senkowski, 409 F.Supp 2d 222, 230 (W.D.N.Y. 2006)(under the
law, it is not essential to a conviction that a defendant
participate in each and every one of the acts necessary to
constitute a crime).

A review of the record in the light most favorable to
the prosecution reveals that a rational factfinder could
find Petitioner guilty beyond a reasonable doubt of first-

degree manslaughter.  The trial court concluded, and the record supports, that: (1) Petitioner punched the victim and then watched a codefendant hit the victim over the head with a bottle; (2) Petitioner kicked the victim in the face and chest once the victim was down; and (3) Petitioner walked away without calling for help, despite the fact that victim was seriously injured.  (Report at 49; Tr. Trans. 2-3, 64-69.)  This evidence is more than sufficient to infer that Petitioner shared the intent of another, based on the circumstances, where Petitioner participated in a group assault on an individual.  People v. Modesto, 262 A.D.2d 586 (2d Dep't 1999)(holding that evidence supporting a conviction for first-degree manslaughter was sufficient where an individual used no weapons, but other assailants used a knife or an ice pick).

Furthermore, Petitioner's argument that he did not intend death fails, as intent to cause death is not an element of the crime on which Petitioner was convicted. See People v. Tyler, 43 A.D.3d 633, 634 (4th Dep't 2007)(providing the elements of first-degree manslaughter, including death as a result of injury).

Given the foregoing de novo review of Judge Dolinger's Report on Petitioner's third objection, sufficiency of the evidence, the Court adopts Judge Dolinger's recommendation.

D. Petitioner's Fourth Objection: Futility of Ineffective-Assistance Proposed Amendment

Petitioner's fourth objection is that his request to amend his original habeas petition should be granted to allow a meritorious ineffective-assistance-of-counsel claim to go forward.  Petitioner claims that he suffered from ineffective-assistance-of-counsel because Petitioner's attorneys': (a) lack of preparation; (b) failure to litigate exculpatory evidence; (c) ignorance of the law; (d) failure to raise meritorious issues; (e) lack of defense; and (f) failure to provide trial transcripts to enable petitioner to litigate post-conviction relief.  As Petitioner's objection constitutes a general objection to Judge Dolinger's Report, the Court reviews the record and Judge Dolinger's recommendation for clear error.

Fed. R. Civ. P. 15(a) governs the proposed amendments to habeas petitions. Rule 15(a)(2) provides that "a party may amend the party's pleading only with ... the court's leave. The court should freely give leave when justice so requires." However, "where amendment would be futile,

14

denial of leave to amend is proper." Job love v. Barr Labs., Inc., 466 F.3d 187, 200 (2d Cir. 2006). Even after concluding that the proposed amendments do not relate back to the grounds in original habeas, Judge Dolinger considered the merits of arguments in Petitioner's amended petition extensively. (See Report at 34-47.)  Judge Dolinger concluded "Petitioner's proposed amendments, while untimely, ... are also futile because they cannot succeed on the merits. (Report at 35.)

To prevail on an ineffective-assistance-of-trial-counsel claim, Petitioner must show: (1) that counsel's performance was deficient; and (2) actual prejudice to the defense. Strickland v. Washington, 466 U.S. 668 (1984). Petitioner would need to show that trial counsel's conduct fell "outside the range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Similarly, to prevail on an ineffective-assistance-of-appellate-counsel claim, Petitioner must show both (1) that counsel was objectively unreasonable in failing to find arguable issues to appeal; in other words, "that counsel unreasonably failed to discover non-frivolous issues and to

file a merits brief raising them;" and (2) a "reasonable probability that but for...counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000) (adopting the test set forth in Strickland).

Judge Dolinger, in a very thorough manner, examined a whole host of alleged ineffective-assistance-of-counsel claims by Petitioner, including trial counsel's: (1) failure to oppose the indictment on the depraved-indifference count; (2) failure to oppose a hearsay statement; (3) "complaisant" behavior at Petitioner's pretrial hearing; (4) interference with Petitioner's right to testify; (5) failure to litigate exculpatory evidence; (6) failure to present evidence of medical negligence; (7) failure to present a defense; as well as appellate counsel's: (8) failure to criticize trial counsel's performance; (9) failure to make certain arguments on appeal; (10) abandonment for not pursuing application for leave to appeal; and (11) not providing trial transcripts. (See Report at 35-47.)

A careful review of the record indicates that neither trial counsel, nor appellate counsel for Petitioner performed deficiently; and (2) no prejudice to Petitioner

can be shown. Strickland, 466 U.S. 668 (1984); see also
Robbins, 528 U.S. at 285. Furthermore, Petitioner's
failure to provide any information or analysis that would
challenge Judge Dolinger's conclusions also extinguishes
his claim. See Miller-El v. Cockrell, 537 U.S. 322, 358
n.3 (2003)(noting that a petitioner bears the burden of
proof in habeas proceedings); Zappulla v. New York, 391
F.3d 462, 489 n.19 (2d Cir. 2004)(same).

After reviewing the record and finding no error in
Judge Dolinger's analysis on ineffective-assistance-of-
counsel, the Court adopts Judge Dolinger's recommendation.


                        IV. CONCLUSION

ORDERED AND ADJUDGED as follows:

1.   The Report and Recommendation of United States
Magistrate Judge Michael H. Dolinger, dated April 18, 2008
be and the same hereby is APPROVED, ADOPTED, and RATIFIED
by the Court in its entirety;

2.   Pursuant to Judge Dolinger's recommendation, the
Court DENIES Petitioner Oscar Peralta's writ, DISMISSES the
petition, and DENIES the request for a certificate of
appeal.


                             17

3.   The Clerk of the Court is directed to close the

docket in the above-captioned case.

SO ORDERED.

DATED:      New York, New York
            August 11  , 2010          _Deborah A. Batts_____
                                       DEBORAH A. BATTS
                                       United States District Judge